UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.:

DEVONA STEVENSON, an Individual

       Plaintiff,

v.

CITY OF SUNRISE, a municipality,

       Defendant.

**COMPLAINT**

## Introduction

Plaintiff, DEVONA STEVENSON, ("Stevenson") sues Defendant, CITY OF SUNRISE, ("Sunrise") for race and sex discrimination and retaliation in its employment practices, which deprived Stevenson of supplemental income, and subjected her to disparate treatment.

## Jurisdiction and Parties

1. This is an action for damages. Stevenson brings this lawsuit for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; and the Florida Civil Rights Act of 1992, Fla. Stat. §760.10, *et seq.* (FCRA).

2. Plaintiff is a natural person, *sui juris*, who is a resident of the State of Florida and resides in Miami-Dade County, Florida.

3. Defendant, CITY OF SUNRISE is a municipality incorporated in the State of Florida.

4. At all times material hereto, Stevenson was an "*aggrieved person*" as defined by the FCRA, Fla. Stat. § 760.02 (10).

5.  Sunrise employs more than 15 employees and is Stevenson's employer within the meaning of FCRA, Fla. Stat. § 760.02(7); and Civil Rights Act of 1964, 42 U.S.C §2000e (b).

6.  At all times during her employment relationship with Defendants, Stevenson was Defendants' "employee" as defined by FCRA, Fla. Stat. § 760.02 et seq.; and Civil Rights Act of 1964, 42 U.S.C. §§ 2000e (f).

7.  This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C.§1332, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §1367(a) and 29 U.S.C. §216 (b). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights protected by Title VII, 42 U.S.C. §1983 and the FCRA.

8.  Venue is proper under 28 U.S.C. § 1391(b) because all of the discriminatory acts complained by Stevenson occurred within this judicial district and because Sunrise is located within this judicial district.

9.  All conditions precedent have been satisfied, waived or excused before the filing of the instant lawsuit.

**General Allegations**

10. Plaintiff, DEVONA STEVENSON, is a black female, and one of three black female police officers with the CITY OF SUNRISE.

11. Stevenson has worked as a police officer for Sunrise for 20 years.

12. Since her hiring, Stevenson has noticed that she was treated differently than her white male and white female counterparts.

13. Over the last 20 years, Stevenson has been subjected to higher scrutiny, disciplined more frequently and harsher, and passed over for opportunities due to her race and gender.

14. In 2016 and 2017, this ongoing treatment culminated in a hostile environment.

15. In November 2016, Stevenson applied to be a Field Training Officer (FTO), a ranking that would make her eligible for additional pay each time she trained a new police recruit.

16. Stevenson completed the requisite training course and obtained a perfect score on the qualification exam.

17. Despite obtaining her certificate of completion, Stevenson was never assigned any trainees.

18. Instead each of the other FTOs, all white males, were assigned trainees, and a white female officer who was not an FTO was assigned a trainee as well.

19. When Stevenson asked her supervisor why she was not being treated the same, she was advised it was because her traffic stop quota was low, a completely unrelated and entirely pretextual reason.

20. Nevertheless, she twice requested the assistance of a radar gun to help raise her traffic stop quota, but was never issued one, in order to further the pretextual excuse for not assigning her a trainee.

21. In May 2017, Stevenson advised Sunrise that a vendor who had complained about her was doing so for discriminatory reasons, singling out only her and the other black female officer on the assignment.

22. In July 2017, Stevenson requested her employer to investigate the discrimination but instead they placed a disciplinary memo in her file.

23. Sunrise refused to investigate Stevenson's allegations and instead removed her from the assignment, depriving her of supplemental income.

24. In August 2017, after several complaints of harassment, Stevenson received a "satisfactory" evaluation which was lowered than her previous above-average performance.

25. On September 19, 2017, Stevenson was called into a meeting by her white male supervisors to falsely accuse her of leaving work without permission, and although it was cleared up that she had not left, she was loudly and aggressively reprimanded about taking bathroom breaks.

26. Stevenson was absurdly told that, going forward, she would have to announce all of her bathroom breaks over the radio, and she was also required to provide a doctor's note to Human Resources to justify her using the bathroom throughout the day during her menstrual cycle.

27. No other officer was required to announce their bathroom breaks or procure a doctor's note for same.

28. Stevenson advised that she felt that she was being singled out due to her race and gender, at which point her supervisor began to physically hover over her, berating her in a threatening manner, while she was seated.

29. Stevenson reported the incident to Human Resources and that she felt the reasons for her being singled out were due to her being a black female; her complaint was ignored.

30. On November 14, 2017, a white female officer refused a dispatch call and told Stevenson's supervisor that Stevenson should take the call, at which point Stevenson's supervisor announced

over the radio that he was reassigning the call to Stevenson in order to embarrass her in front of the other officers, and demonstrating his preferential treatment for the white female officer.

31. Stevenson was again reprimanded without investigation and her supervisor claimed that her fellow officers felt she was not pulling her weight, whereupon she again expressed her concerns that she was being singled out due to her race and gender.

32. On November 16, 2017, Stevenson was asked during a staff briefing if there was anything she wanted to discuss.

33. Stevenson asked the other officers if they felt she was not pulling her weight to which all but the one white female officer (who had refused the call) stated no.  Stevenson began a discussion with the officer but was aggressively interrupted by her supervisor.

34. Stevenson attempted to remove herself from the hostile situation by walking outside of the door, and her supervisor began to threaten her with formal discipline.

35. The hostile environment and the threats caused her to have a panic attack which necessitated her having Fire and Rescue take her to the hospital.

36. In retaliation, Stevenson's supervisor drafted a report and had her issued a Fitness for Duty suspension.

37. The actions of Stevenson's supervisors and the refusal of Human Resources to address the issues constituted discrimination, harassment and retaliation based on Stevenson's race and gender.

38. As a result of the discrimination and retaliation Sunrise perpetuated through the actions of its supervisors, Stevenson has suffered emotional and financial damage.

**Count I – Race Discrimination**
(In Violation of Title VII of the Civil Rights Act of 1964)

39. Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. From November 2016 to present, Plaintiff has experienced discrimination as she is the only FTO not to be assigned any trainees.

41. Plaintiff was qualified for the FTO position and because of her race, she was kept from receiving the benefits of the position.

42. In September 2017, Plaintiff again experienced discrimination by Defendant when she was singled out for taking bathroom breaks, required to report her breaks, and required to procure a doctor's note explaining her need for bathroom breaks during her menstrual cycle.

43. Plaintiff was singled out solely because she is a black female. Plaintiff's race was a motivating factor in the defendant's unlawful treatment.

44. Plaintiff was treated differently than others who were not black, with regards to her compensation, terms, conditions, and privileges of employment.

45. Defendant's treatment of Plaintiff was unlawful discrimination in violation of 42 U.S.C. 2000e-2.

46. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

47. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Assume jurisdiction of this cause of action and the parties;

    b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and,

    c. Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing lost wages, compensatory damages, punitive damages, prejudgment interest, and any other damages allowed in action under Title VII of the Civil Rights Act of 1964, as amended; and,

    d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

## Count II – Race Discrimination
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

48. Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

49. From November 2016 to present, Plaintiff has experienced discrimination as she is the only FTO not to be assigned any trainees.

50. Plaintiff was qualified for the FTO position and was only prevented from receiving the benefits of the position because of her gender.

51. In September 2017, Plaintiff again experienced discrimination by Defendant when she was singled out for taking bathroom breaks, required to report her breaks, and required to procure a doctor's note explaining her need for bathroom breaks during her menstrual cycle.

52. Plaintiff was singled out solely because she is a black female.

53. Plaintiff was treated differently than others who were not black, with regards to her compensation, terms, conditions, and privileges of employment.

54. Defendant's treatment of Plaintiff was unlawful discrimination in violation of Fla. Stat. § 760.01, *et seq*.

55. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

56. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Assume jurisdiction of this cause of action and the parties;

    b. Issue a judgment declaring and finding that Defendants' actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*;

    c. Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, loss of dignity and punitive damages pursuant to Fla. Civ. Rights Act 1992, *Fla. Stat. § 760.01, et seq.*

    d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**Count III – Race Retaliation**
*(In Violation of Title VII of the Civil Rights Act of 1964)*

57. Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

58. Plaintiff engaged in statutorily protected activity as she complained to her superiors about the unfair treatment she received regarding promotions, pay structure, and unfavorable job assignments because of her race.

59. Plaintiff suffered an adverse employment action when she was harassed, passed over for FTO assignments and suspended for voicing her complaints. After her complaints, Plaintiff's received lowered performance evaluations in retaliation of her protected activity.

60. Defendant willfully violated Title VII or acted with reckless disregard for whether their actions were prohibited.

61. As a direct and proximate result of Defendant's intentional violations, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.  Assume jurisdiction of this cause of action and the parties;

    b.  Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute retaliation in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and,

    c.  Order Defendant to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing lost wages, compensatory damages, punitive damages, prejudgment interest, and any other damages allowed in action under Title VII of the Civil Rights Act of 1964, as amended; and,

    d.  Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**Count IV – Race Retaliation**
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

62. Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

63. Plaintiff engaged in statutorily protected activity as she complained to her superiors about the unfair treatment she received regarding promotions, pay structure, and unfavorable job assignments because of her race.

64. Plaintiff suffered an adverse employment action when she was harassed, passed over for FTO assignments and suspended for voicing her complaints.

65. Defendant's actions were a willful violation of Fla. Stat. § 760.01, *et seq.*

66. As a direct and proximate result of Defendant's intentional violations, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

    e.  Assume jurisdiction of this cause of action and the parties;

    f.  Issue a judgment declaring and finding that Defendants' actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*;

    g.  Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, loss of dignity and punitive damages pursuant to Fla. Civ. Rights Act 1992, *Fla. Stat. § 760.01, et seq.*

    h.  Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**Count V – Sex Discrimination**
*(In Violation of Title VII of the Civil Rights Act of 1964)*

67. Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

68. From November 2016 to present, Plaintiff has experienced discrimination as she is the only FTO not to be assigned any trainees.

69. Plaintiff was qualified for the FTO position and was only prevented from receiving the benefits of the position because of her gender.

70. In September 2017, Plaintiff again experienced discrimination by Defendant when she was singled out for taking bathroom breaks, required to report her breaks, and required to procure a doctor's note explaining her need for bathroom breaks during her menstrual cycle.

71. Plaintiff was singled out solely because she is a black female. Plaintiff's sex was a motivating factor for Defendant's unlawful practices.

72. Plaintiff was treated differently than others who were not female, with regards to her compensation, terms, conditions, and privileges of employment.

73. Defendant's treatment of Plaintiff was unlawful discrimination in violation of 42 U.S.C. 2000e-2.

74. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

75. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    Assume jurisdiction of this cause of action and the parties;

    b.    Issue a judgment declaring and finding that Defendant' actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and,

    c.    Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing lost wages, compensatory damages, punitive damages, prejudgment interest, and any other damages allowed in action under Title VII of the Civil Rights Act of 1964, as amended; and,

    d.    Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**Count VI – Sex Discrimination**
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

76.  Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

77. From November 2016 to present, Plaintiff has experienced discrimination as she is the only FTO not to be assigned any trainees.

78. Plaintiff was qualified for the FTO position and was only prevented from receiving the benefits of the position because of her gender.

79. In September 2017, Plaintiff again experienced discrimination by Defendant when she was singled out for taking bathroom breaks, required to report her breaks, and required to procure a doctor's note explaining her need for bathroom breaks during her menstrual cycle.

80. Plaintiff was singled out solely because she is a black female.

81. Plaintiff was treated differently than others who were not female, with regards to her compensation, terms, conditions, and privileges of employment.

82. Defendant's treatment of Plaintiff was unlawful discrimination in violation of Fla. Stat. § 760.01, *et seq.*

83.   As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

84.   As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

     i.   Assume jurisdiction of this cause of action and the parties;

     j.   Issue a judgment declaring and finding that Defendants' actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*.;

     k.   Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, loss of dignity and punitive damages pursuant to Fla. Civ. Rights Act 1992, *Fla. Stat. § 760.01, et seq.*

     l.   Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**Count VII – Sex Retaliation**
*(In Violation of Title VII of the Civil Rights Act of 1964)*

85. Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

86. Plaintiff engaged in statutorily protected activity as she complained to her superiors about the unfair treatment she received regarding promotions, pay structure, and unfavorable job assignments because of her gender.

87. Plaintiff suffered an adverse employment action when she was harassed, passed over for FTO assignments and suspended for voicing her complaints.

88. Defendant willfully violated Title VII or acted with reckless disregard for whether their actions were prohibited.

89. As a direct and proximate result of Defendant's intentional violations, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

    e.    Assume jurisdiction of this cause of action and the parties;

    f.    Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute retaliation in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and,

    g.    Order Defendant to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing lost wages, compensatory damages, punitive damages, prejudgment interest, and any other damages allowed in action under Title VII of the Civil Rights Act of 1964, as amended; and,

    h.    Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**Count VIII – Sex Retaliation**
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

90. Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

91. Plaintiff engaged in statutorily protected activity as she complained to her superiors about the unfair treatment she received regarding promotions, pay structure, and unfavorable job assignments because of her gender.

92. Plaintiff suffered an adverse employment action when she was harassed, passed over for FTO assignments and suspended for voicing her complaints.

93.  Plaintiff complained to her superiors at Defendant's workplace about the unfair treatment she received regarding promotions, pay structure, and unfavorable job assignments given to her because of her gender.

94.  Defendant's treatment of Plaintiff was unlawful discrimination in violation of Fla. Stat. § 760.10.

95.  As a direct and proximate result of Defendant's intentional violations, Plaintiff has suffered damages.

96.   As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

   a.  Assume jurisdiction of this cause of action and the parties;

   b.  Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*;

   c.  Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish, loss of dignity and punitive damages pursuant to Fla. Civ. Rights Act 1992, *Fla. Stat. § 760.01, et seq.*

   d.  Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.


**DEMAND FOR JURY TRIAL**

Plaintiff DEVONA STEVENSON hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted on this 9th day of October 2018.

The Harris Law Firm Group, P.A.
201 South Biscayne Blvd., Suite 2650
Miami, Florida 33131
Tel.:    305.536.6131
Fax.:    305.536.6130

By:    **/s/Robert N. Harris**
Robert Newton Harris, Esq.
Fla. Bar. No.: 87671
robert@harrislawinfo.com
lruiz@harrislawinfo.com
marra@harrislawinfo.com